UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UCHECHUKWU EGBUJO | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:21-cv-01450-KAD |
| | : | |
| v. | : | |
| | : | |
| JACKSON LEWIS, P.C. | : | |
| Defendant | : | DECEMBER 20, 2021 |
| | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Jackson Lewis P.C. ("Defendant") respectfully submits this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's one count Complaint alleges a claim of defamation, which should be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff seeks to hold Defendant, a law firm, liable for statements included by its attorneys in a privileged investigation report submitted to Defendant's client following a workplace investigation into allegations that Plaintiff repeatedly sexually assaulted a colleague. Defendant's privileged statements contained in an investigation report cannot form the basis of a defamation claim. To conclude otherwise would have serious implications for the attorney-client relationship and attorneys' ability to render confidential legal assessments in the context of workplace investigations.

Plaintiff's Complaint should be dismissed for two reasons. First, Plaintiff fails to plead a prima facie case of defamation because he does not identify the alleged defamatory statements underlying the Complaint, including who made the alleged statements and to whom the alleged statements were made. Second, even if sufficiently pleaded, any statements made by Defendant's

attorneys in an investigative report to its client are privileged, either conditionally or absolutely, and thus cannot support a finding of liability.

## I. ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that while a medical resident at Norwalk Hospital, he was accused of sexual assault by another medical resident. (Compl. ¶ 3.) Plaintiff alleges that Nuvance Health, Inc., which operates Norwalk Hospital, hired Defendant to investigate the allegation of sexual assault. (Compl. ¶¶ 4-5.) Plaintiff alleges that Defendant's investigators heard "false, defamatory statements about Plaintiff's character" which they published in an investigation report to Norwalk Hospital. (Compl. ¶¶ 8, 10.) Plaintiff alleges that Defendant reiterated these statements in a second investigation report dated October 3, 2019, which Defendant republished to Plaintiff's attorney on October 17, 2019. (Compl. ¶¶ 12-13.)

## II. ARGUMENT

### A. Standard of Law

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As a result, legal conclusions "must be supported by factual allegations." *Id.* at 679.

Accordingly, to survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 697 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. "[A] plaintiff's obligation to provide the grounds of [his] entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Id.* at 557. Thus, unless a plaintiff's well-pleaded allegations have "nudged [her] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Id.* at 570; *Iqbal*, 556 U.S. at 680. Under this standard, Plaintiff's Complaint fails to state a claim to relief that is plausible on its face and should be dismissed.

### B. Plaintiff's Prima Facie Case Of Defamation Fails Because He Did Not Allege Any Defamatory Statements By Defendant Including Who Allegedly Made Them Or To Whom They Were Made

"To establish a *prima facie* case of defamation, the plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement." *Gambardella v. Apple Health Care, Inc.*, 291 Conn. 620, 627-28 (2009) (internal quotation marks omitted).

"A complaint is insufficient to withstand dismissal for failure to state a cause of action where, other than the bare allegation that the defendant's actions caused injury to plaintiff's reputation, the complaint sets forth no facts of any kind indicating what defamatory statements, if any, were made, when they were made, or to whom they might have been made." *Kloth v. Citibank (South Dakota), N.A.*, 33 F. Supp. 2d 115, 121 (D. Conn. 1998) (citation omitted). "Although the Second Circuit does not require in haec verba pleading, i.e., of the exact alleged defamatory words, Fed. R. Civ. P. 8 requires that the complaint afford defendant sufficient notice of the communications complained of to enable him to defend himself." *Id.* (internal quotation marks omitted).

Courts in this Circuit frequently dismiss defamation claims for failure to specify the defamatory statements or to identify who allegedly made the statements or to whom the statements

3

were made.  *See Egbarin v. Hoffmann & Assocs.*, No. 3:18-cv-917 (VAB), 2019 U.S. Dist. LEXIS 38985, at *14 (D. Conn. Mar. 12, 2019) (dismissing defamation claim because plaintiff's allegation that defendant falsely stated that plaintiff "committed misconduct of fraud or misrepresentation" did not "specifically identify the particular statements that he now claims are defamatory"); *Anthony v. Young & Rubicam*, 979 F. Supp. 122, 128 (D. Conn. 1997) (granting motion to dismiss where the plaintiff's vague allegations did not specify to whom the defamatory statements were made or in what context); *Wanamaker v. Columbian Rope Co.*, 713 F. Supp. 533, 545 (S.D.N.Y. 1989) (granting motion to dismiss defamation claim where the plaintiff failed to identify the defamatory statements, who made them and when, and in what context they were made); *see also Law Offices of Frank N. Peluso, P.C. v. Cotrone*, No. FSTCV065000599S, 2009 Conn. Super. LEXIS 2596, at *7-8 (Super. Ct. Sep. 23, 2009) (striking defamation claim for failure to plead to whom alleged defamatory statements were made with sufficient particularity); *Winters v. Concentra Health Services*, No. CV 07 501208, 2008 Conn. Super. LEXIS 563, at *21 (Conn. Super. Ct. Mar. 5, 2008) (striking defamation claim where, "[a]lthough the plaintiff alleges that [defendant] employees told patients that he had 'threatened to go home and get a gun and come back and shoot somebody,' the plaintiff does not adequately specify which employee made this statement or to which patient it was made"); *Crosby v. HSBC North Ameri-can Holdings*, No. CV 06 5000378, 2007 Conn. Super. LEXIS 1278, at *27-28 (Conn. Super. Ct. May 16, 2007) (striking defamation claim where complaint failed to allege who made or heard republications of allegedly defamatory statements or when, where, or how such a republication occurred).

  Here, Plaintiff fails to specify what alleged defamatory statements were made by Defendant's attorneys, who allegedly made the alleged defamatory statements or to whom they were made.  In fact, the Complaint does not even allege that Defendant's attorneys made any

4

defamatory statements regarding Plaintiff. Instead, Defendant's attorneys allegedly heard false and defamatory statements made by other individuals which Defendant's attorneys included in their investigation reports. (Compl. ¶¶ 8, 10, 12.) Thus, according to the Complaint, Defendant's attorneys never made any defamatory statements about Plaintiff. They merely included in their investigation reports statements made by unidentified third persons the attorneys interviewed in the course of their investigation.

Plaintiff's Complaint also fails because it does not identify the substance of the alleged defamatory statements underlying his claim. The Complaint simply states that the alleged defamatory statements "were about Plaintiff's character." (Compl. ¶ 8.) This is insufficient to state a claim for relief. A complaint must "afford [the] defendant sufficient notice of the communications complained of to enable him to defend himself." *Kloth*, 415 F. Supp. at 109; *see also Liguori v. Alexander*, 495 F. Supp. 641, 647 (S.D.N.Y. 1980) ("[T]he allegations of the complaint must afford defendant sufficient notice of the communications complained of to enable him to defend himself."). Defendant cannot defend itself against a defamation claim when Plaintiff failed to identify the defamatory statements underlying his claim.

Lastly, Plaintiff's Complaint fails because it does not identify who made the alleged defamatory statements or to whom the alleged defamatory statements were made. Plaintiff alleges only that "two of [Defendant's] employees" published the statements in an investigation report to "Norfolk [sic] Hospital" and then republished the statements in a second investigation report on October 3, 2019. (Compl. ¶¶ 6, 10, 12.) The Complaint also alleges that the report "was then transmitted to Plaintiff's attorney," but does not state who transmitted it or if this alleged transmission constituted the element of publication. (Compl. ¶ 13.) The Complaint thus fails to

allege what the alleged defamatory statement was, which employees of Defendant published the statement, and to whom the statements were published.[1]  (See Compl. generally.)

Plaintiff's failure to plead the required elements of his claim is prejudicial to Defendant. For example, if Plaintiff identified the alleged defamatory statements as required, Defendant could evaluate whether it has a defense that the statements were mere opinion.  Indeed, Plaintiff's allegations suggest nothing more than opinion statements made by an attorney to a client following an investigation, which are insufficient to sustain a defamation claim.  *See Daley v. Aetna Life & Casualty Co.,* 249 Conn. 766, 795 (1999) ("To be actionable, the statement in question must convey an objective fact."); *Savage v. Andoh,* No. CV-07-5015657, 2013 Conn. Super. LEXIS 309, *8 (Conn. Super. Ct., Feb. 6, 2013) (statements concerning a professor's work performance placed in her personnel file constituted opinion and could not form the basis for a defamation claim).  Similarly, Defendant may have a defense of absolute or qualified immunity depending on the nature of the alleged defamatory statements and when, how, and to whom they were published. (*See* Section II.C*, infra.*)

Plaintiff cannot avoid dismissal or evade Defendant's potential defenses by failing to allege specific facts about what the alleged defamatory statements were, who made the alleged statements, and to whom they were allegedly published.  Consequently, the Complaint fails to state

---

[1]  Plaintiff's defamation claim appears to be based on the alleged second publication, not the first publication, as the first publication is barred by the applicable two-year statute of limitations.  Conn. Gen. Stat. § 52-597; *see also Hechtman v. Conn. Dep't of Pub. Health*, No. CV094043516, 2009 Conn. Super. LEXIS 3277, at *21 (Super. Ct. Dec. 3, 2009) ("No action for libel and slander shall be brought but within two years from the date of the act complained of.").
  Plaintiff's complaint was in the hands of the marshal on October 3, 2021 and served on October 6, 2021. Conn. Gen. Stat. § 52-593a(a) provides that "a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal, constable or other proper officer within such time and the process is served, as provided by law, within thirty days of the delivery." Thus, pursuant to § 52-593a(a) and § 52-597, Plaintiff's defamation claim must be based on conduct occurring on or after October 3, 2019.  Plaintiff alleges that the second report was dated October 3, 2019, and that the second report was subsequent to the first report.  (Compl. ¶ 12.)  Accordingly, accepting Plaintiff's allegations at true, the first report must have been published prior to October 3, 2019, and thus is time-barred.

a claim upon which relief can be granted and should be dismissed. *See, e.g.*, *Winters*, 2008 Conn. Super. LEXIS 563, at *20-22 (striking defamation claim because plaintiff failed to plead defamation with adequate specificity as to who made the false statement or to whom the statement was made).

### C. Even if Plaintiff's Allegations Are Sufficient, the Complaint Should Be Dismissed Because Defendant's Statements Are Privileged

Defendant's statements, made to its client following Defendant's investigation of allegations of sexual assault against Plaintiff, are protected by a qualified privilege because the attorney-client privilege is an interest to be upheld, Defendant's report was limited in scope to providing advice to its client and the report was made in good faith and on proper occasion. Moreover, Plaintiff has not pleaded facts to establish that Defendant acted with malice—actual or in fact—when it included allegedly defamatory statements in its investigation report. Finally, even if not subject to a qualified privilege, Defendant's statements are protected by an absolute privilege. Plaintiff's Complaint should be dismissed on this basis, as well.

#### 1. Defendant's Statements Are Protected by a Qualified Privilege Because They Were Made In Good Faith, In Limited Scope, On Proper Occasion, and Only to Proper Parties and In a Proper Manner In the Context of the Attorney-Client Relationship

"A qualified privilege protects false statements that are not made maliciously." *Gallo v. Barile*, 284 Conn. 459, 464 n.6 (Conn. 2008). The elements of qualified privilege are "(1) an interest to be upheld, (2) a statement limited in its scope to this purpose, (3) good faith, (4) a proper occasion, and (5) a publication in a proper manner to proper parties only." *Miles v. Perry*, 11 Conn. App. 584, 595 (1987).

Here, under the first element of the defense, there are two related interests to be upheld. First, is the attorney-client relationship. "[T]he attorney-client relationship may represent an 'interest to be upheld,' as required for the first element of a privilege asserted to defeat a

7

defamation claim . . . ." *Pryor v. Brignole*, No. HHDCV156059311S, 2016 Conn. Super. LEXIS 426, at *9 (Super. Ct. Mar. 8, 2016). "[The attorney-client privilege's] purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *See, e.g.*, *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)).

The second interest to be upheld is addressing workplace misconduct, including sexual harassment and sexual assault. *See State v. Afscme, Council 4, Local 391.*, 309 Conn. 519, 526 (Conn. 2013) ("[T]here is a clear, well-defined and dominant policy against sexual harassment in this state."). Employers must be able to conduct accurate and effective investigations into allegations of workplace misconduct. This is especially true when the allegations are as serious as a sexual assault. Employers also must be able to hire competent, experienced investigators— including attorneys—to investigate alleged workplace misconduct. Those attorneys must be able to use their professional skills and training in conducting the investigation, including reporting the facts uncovered and making credibility assessments. If attorneys can be sued for including negative statements about an individual accused of wrongdoing in an internal investigation report, the system of reporting complaints, investigating complaints, and addressing credible or substantiated complaints breaks down. Plaintiff's proposed cause of action, if allowed to proceed, will have a chilling effect on any progress made in eradicating and addressing sexual harassment in the workplace. To avoid potential legal liability, attorneys will not include negative statements about the accused in investigation reports. Experienced employment attorneys may be reluctant to take on investigations of workplace misconduct. Employers, without accurate, complete, and thorough investigation reports, will have no grounds or basis to take remedial action in response to even well-founded complaints. Employers may be discouraged from investigating workplace

misconduct. This, in turn, will affect the morale of employees who reported sexual harassment or other wrongdoing. Employees may be dissuaded from reporting wrongdoing at all.

As to the second element of the defense, the alleged defamatory statement in the report was limited in its scope to the purpose of an investigation report of sexual assault by a law firm to its client. (Compl. ¶¶ 3, 5, 10, 12.) Plaintiff does not allege that the statement was extraneous or somehow unrelated to the purpose of the report. *See Carter v. Dozier*, Civil Action No. 2:10-2812-RMG, at *2 (D.S.C. June 16, 2011) (finding qualified privilege as to statement in a field report by a fire department that "limited its contents to the information obtained while on scene").

As to the third element, Plaintiff alleges no facts to support a conclusion that Defendant acted in bad faith. Indeed, the only plausible conclusion to be drawn from Plaintiff's allegations are that Defendant acted in good faith by doing exactly what it was hired to do—investigate an allegation of sexual assault and report back to its client. (Compl. ¶¶ 5, 7, 10, 12.) Nothing about these facts is indicative of Defendant acting in bad faith.

As to the fourth element, the alleged defamatory statement was made on proper occasion because the report was provided to Defendant's client in response to the client's request. *See Dynamic Air, Inc. v. Boccard*, Civ. No. 01-2148 (JNE/JGL), at *8 (D. Minn. Sep. 4, 2003) (finding qualified privilege satisfied because, *inter alia*, the alleged defamatory statements were conveyed by the company's president in response to a manufacturer's solicitation for comments about a manufacturing system and thus were made upon "proper occasion"). Defendant's report, and the allegedly defamatory statement contained therein, was provided in response to its client's request for an investigation report and were thus made on proper occasion. (Compl. ¶ 5 ("The administration of Norwalk Hospital hired Defendant to investigate the accusations and report back to the administration of Norwalk Hospital.").)

9

As to the fifth element, the report was published in a proper manner to proper parties only. Plaintiff does not allege that the investigation report was "published excessively, i.e., that it was made to persons with an insufficient interest in it for it to warrant protection." *See Gruss v. Zwirn*, 276 F.R.D. 115, 137 (S.D.N.Y. 2011). Plaintiff's allegations are that Defendant did nothing more than make a statement in the context of its attorney-client relationship, in a privileged report, to its client. (Compl. ¶¶ 10, 12.)

Accordingly, Defendant's allegedly defamatory statements satisfy all five elements of defense of qualified privilege and are subject to qualified immunity. *See Front, Inc. v. Khalil*, 2015 NY Slip Op 01554, ¶ 3, 24 N.Y.3d 713, 720, 4 N.Y.S.3d 581, 586, 28 N.E.3d 15, 20 (applying qualified privilege to statements made by attorney for employer in a letter sent to employer's former employee because the attorney "had a good faith basis to anticipate litigation and the statements in the letters were pertinent to that anticipated litigation").

### 2. There Are No Plausible Factual Allegations of Malice to Overcome the Privilege

"[T]he malice required to overcome a qualified privilege in defamation cases is malice in fact or actual malice. . . . Actual malice requires that the statement, when made, be made with actual knowledge that it was false or with reckless disregard of whether it was false. . . . Malice in fact is sufficiently shown by proof that the [statement was] made with improper and unjustifiable motives." *Gallo v. Barile*, 284 Conn. 459, 464 n.6 (Conn. 2008) (internal quotation marks and citation omitted).

Here, the only fact pleaded by Plaintiff that suggests malice is that "[i]nvestigators had no reason to believe the truth of these defamatory statements and made no effort to determine their truth." (Compl. ¶ 9.) This allegation is insufficient to establish Defendant's actual knowledge of the statement's falsity or reckless disregard for its falsity. *Moriarty v. Lippe*, 162 Conn. 371, 380,

10

294 A.2d 326, 331 (1972) ("Failure to investigate does not of itself satisfy this standard."); *see also Gertz v. Robert Welch*, 418 U.S. 323, 334 n.6 (1974) (equating "reckless disregard of the truth with subjective awareness of probable falsity"). There is no allegation that Defendant was "subjective[ly] aware . . . of probable falsity" of the allegedly defamatory statement. *Id.* Moreover, Plaintiff has pleaded no facts that indicate Defendant had any improper or unjustifiable motive in including the allegedly defamatory statements in its investigation report to its client. (*See generally* Compl.) Accordingly, there are no facts pleaded in the Complaint to overcome the application of qualified immunity by establishing malice.

### 3. Even if Not Protected By Qualified Privilege, Absolute Privilege Should Apply and Bar Plaintiff's Defamation Claim

Connecticut recognizes that "[c]ommunications uttered or published in the course of judicial proceedings are absolutely privileged [as] long as they are in some way pertinent to the subject of the controversy." *Gallo v. Barile*, 284 Conn. 459, 466 (Conn. 2008); *see also Irwin v. Cohen*, 40 Conn. Supp. 259, 261, 490 A.2d 552, 554 (1985) ("[A]n attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.").

Although novel in Connecticut, other states have concluded that attorney immunity protects statements made by attorneys even outside of litigation. For example, in Texas, "attorney immunity exists to promote . . . 'loyal, faithful, and aggressive representation' by alleviating in the mind of the attorney any fear that he or she may be sued by or held liable to a non-client for providing such zealous representation." *Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65, 76 (Tex. 2021). Recently, the Texas Supreme Court expanded this to immunity outside the litigation context, concluding that:

11

> [A]attorney immunity provides a defense to a non-client's claims based on an attorney's conduct that (1) constitutes the provision of "legal" services involving the unique office, professional skill, training, and authority of an attorney and (2) the attorney engages in to fulfill the attorney's duties in representing the client within an adversarial context in which the client and the non-client do not share the same interests. And in light of the defense's purposes, we hold that it applies to claims based on conduct the attorney performed in a non-litigation context, so long as the conduct qualifies as this "kind" of conduct.

*Id.* at 81.

Here, in the context of an attorney investigating sexual assault and issuing an investigation report, Defendant's statements are subject to absolute privilege. In this case, Plaintiff seeks to punish Defendant and its attorneys for doing exactly what they were supposed to do as charged by Defendant's client and consistent with the requirements of the law—prepare an investigation report of alleged misconduct by Plaintiff and accurately and thoroughly detail their investigation and their findings. To conclude that such conduct is not absolutely privileged would impede an attorney's ability to advise his or her clients and interfere with the attorney client privilege. Indeed, attorneys would be hindered in conducting accurate and effective investigations. Taken to its logical conclusion, Plaintiff's position would render an attorney unable to provide a client with a credibility assessment of a witness in any investigation, for fear of a potential defamation claim. *See* Section II.C.1, *supra*. That is not the law. Accordingly, Plaintiff's defamation claim fails, and his Complaint should be dismissed.

### III. CONCLUSION

For the foregoing reasons Plaintiff's Complaint should be dismissed in its entirety.

                              DEFENDANT,
                              JACKSON LEWIS P.C.

By:   */s/ James F. Shea*
       James F. Shea (ct16750)
       James.Shea@jacksonlewis.com
       Carolyn A. Trotta (ct30220)
       Carolyn.Trotta@jacksonlewis.com
       Jackson Lewis P.C.
       90 State House Square, 8th Floor
       Hartford, CT 06103
       P: (860) 522-0404
       F: (860) 247-1330

## **CERTIFICATION OF SERVICE**

This is to certify that on December 20, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

                              */s/ Carolyn A. Trotta*
                              Carolyn A. Trotta